[No. C038925. Third Dist. Jan. 8, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
CLAUDELL MOORE, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to rules 976(b) and 976.1 of the California Rules of Court, this opinion is certified for publication with the exception of parts II, III and IV of the DISCUSSION.

**COUNSEL**

Kyle Gee, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Carlos A. Martinez and Catherine G. Tennant, Deputy Attorneys General for Plaintiff and Respondent.

**OPINION**

**SIMS, Acting P. J.**—Defendant Claudell Moore pled guilty to bringing a controlled substance into prison (Pen. Code, § 4573; further undesignated statutory references are to the Penal Code; case No. 98CR0596, count one), transporting a controlled substance for sale to a noncontiguous county (Health & Saf. Code, § 11352, subd. (b); case No. 98CR0596, count two), felony failure to appear (§ 1320.5; case No. 98CR0596, count three), and custodial possession of a weapon (§ 4502, subd. (a); case No. 01CR0251, count one). He admitted a strike allegation (§§ 667, subds. (b)-(i), 1170.12) and two prior narcotics conviction allegations (Health & Saf. Code, § 11370.2, subd. (a)). He was sentenced to state prison for 12 years, consisting of double the midterm of six years on count two of case No. 98CR0596; all other terms were stayed or made concurrent.[1] The trial court imposed a $2,400 restitution fine (§ 1202.4) and a $2,400 restitution fine suspended unless parole is revoked (§ 1202.45). Defendant obtained a certificate of probable cause.

---

[1] In July 2002, the People dismissed case No. 01CR0251 in furtherance of justice.

On appeal, defendant contends the denial of his *Murgia*[2] discovery motion, which sought information with respect to whether defendant was prosecuted only because he is an African-American, (1) is cognizable after entry of a guilty plea, and (2) was an abuse of discretion. He also claims (3) the trial court erred in its belief that the $2,400 restitution fines were "the minimum" required "by law."

In the published portion of the opinion, we shall conclude the denial of defendant's *Murgia* motion is cognizable on appeal even though defendant pled guilty. However, in the unpublished portion of the opinion, we shall determine the motion was correctly denied. We shall also conclude defendant may not complain about his restitution fines because he did not object in the trial court. We shall also modify the judgment to impose a mandatory laboratory analysis fee and associated penalty assessments. We shall affirm the judgment as modified.

## FACTS[3]

In March 1998, a Mule Creek State Prison (Mule Creek) officer was informed that defendant had mailed a radio containing a large amount of heroin and marijuana to a current inmate. The officer located the radio amongst a codefendant's personal property. Inside the radio were heroin, marijuana and a handwritten note that was wrapped in clear plastic. A fingerprint on the note was matched to defendant.

On August 16, 1999, defendant failed to appear for the criminal proceedings.

## DISCUSSION

## I

 Defendant contends the denial of a *Murgia* discovery motion is cognizable on appeal after entry of a guilty plea. The People respond that review is precluded by our recent opinion in *People v. Hunter* (2002) 100 Cal.App.4th 37 [122 Cal.Rptr.2d 229], in which review was denied October 16, 2002 (hereafter *Hunter*). Defendant has the better argument.

*Background*

Defendant filed a pretrial motion for discovery of prison records under *Murgia v. Municipal Court, supra,* 15 Cal.3d 286 (*Murgia*). *Murgia*

---

[2]*Murgia v. Municipal Court* (1975) 15 Cal.3d 286 [124 Cal.Rptr. 204, 540 P.2d 44].

[3]Because defendant pled guilty, our statement of facts is taken from the probation officer's report. The statement of facts is limited to case No. 98CR0596.

held that "a criminal defendant may defend a criminal prosecution on the ground that he has been the subject of . . . 'intentional and purposeful' invidious discrimination," and that "traditional principles of criminal discovery mandate that defendants be permitted to discover information relevant to such a claim." (*Id.* at p. 306.)[4]

■■■ Defendant asserted he needed discovery to "show that he was deliberately singled out for prosecution on the basis of an invidious criterion," that he was Black, and "that this prosecution would not have occurred but for the discriminatory design of the prosecution." The motion sought discovery of: (1) Mule Creek rule violation reports from January 1996 to December 1998 for all cases of violation of sections 4573 (bringing controlled substance into prison), 4573.6 (possession of controlled substance where prisoners are kept) and 4573.8 (possession of drugs or paraphernalia in jail or prison), and the race of each inmate involved; (2) the administrative disposition of all the foregoing cases, including whether the matter was referred to the district attorney for prosecution; (3) the disposition of all cases submitted to the district attorney from 1996 through December 1998; and (4) the percentage of the Mule Creek inmate population that is Black.

In support of the motion, defendant submitted the declaration of his trial counsel and violation reports concerning various state prison inmates.

In opposition, the People submitted declarations by the court liaison officer and litigation coordinator at Mule Creek.

Following a hearing, the trial court denied the motion.

*Analysis*

■■■ " 'It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute.' [Citations.]" (*People v. Mazurette* (2001) 24 Cal.4th 789, 792 [102 Cal.Rptr.2d 555, 14 P.3d 227], followed in *Hunter, supra,* 100 Cal.App.4th 37, 40.)

Section 1237, subdivision (a) provides in relevant part: "An appeal may be taken by the defendant: [¶] (a) From a final judgment of conviction except as provided in Section 1237.1 and Section 1237.5." "This section thus establishes 'the general rule that a criminal defendant can appeal only from final judgments and those orders deemed by statute to be final judgments.' [Citation.]" (*Hunter, supra,* 100 Cal.App.4th 37, 41.)

---

[4]Section 1054, subdivision (e) recognizes that "discovery shall occur" "as mandated by the Constitution of the United States." *Murgia* discovery is based on the equal protection clauses of the federal and state Constitutions. (*Murgia, supra,* 15 Cal.3d 286, 294.)

Section 1237.5 provides: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." "Section 1237.5 is an exception to the general rule that appeals may not be brought by defendants who have pleaded guilty or nolo contendere. This section provides the general rule that defendants who have pleaded guilty must obtain a certificate of probable cause before they may bring an appeal." (*Hunter, supra,* 100 Cal.App.4th 37, 41.)

"Thus, in this appeal, defendant may raise only those issues cognizable on appeal when a defendant obtains a certificate of probable cause under section 1237.5. ' "Obtaining a certificate of probable cause [however] does not make cognizable those issues which have been waived by a plea of guilty." ' [Citation.] Under section 1237.5, 'only "constitutional, jurisdictional, or other grounds going to the legality of the proceedings," survive a guilty plea.' [Citation.] We must determine whether the claimed erroneous denial of a discovery motion brought by defendant is a constitutional, jurisdictional or other ground going to the legality of the proceedings. If it is, defendant may challenge this denial on appeal. If not, defendant's challenge is waived by his plea of guilty." (*Hunter, supra,* 100 Cal.App.4th 37, 41-42.)

" 'By pleading guilty, a defendant admits the sufficiency of the evidence establishing the crime, and is therefore not entitled to a review on the merits. [Citations.] "[I]ssues which merely go to the guilt or innocence of a defendant are 'removed from consideration' by entry of the plea." [Citation.] Thus, claims involving sufficiency of the evidence [citation], voluntariness of an extrajudicial statement [citation], a trial court's refusal to disclose the identity of an informant [citation], fairness of a pretrial lineup [citation], and other such issues have been held not cognizable on appeal following a guilty plea. The following particular errors have been reviewed following a plea of guilty: insanity at the time of the plea [citation]; ineffective assistance of counsel [citation]; ineffective waiver of constitutional rights [citation]; erroneous denial of pretrial diversion right [citation]; failure of prosecution to seek restitution before filing criminal charges in a welfare fraud case [citation]; violation of Interstatement [*sic*] Agreement on Detainers which bars prosecution [citation].' [Citation.]" (*Hunter, supra,* 100 Cal.App.4th 37, 42.)

The discovery motion at issue in *Hunter* sought information "about the informant who provided officers with information that supports the search

warrant." (*Hunter, supra,* 100 Cal.App.4th 37, 40.) We concluded the appeal of the discovery motion in that case "does not raise an issue going to the legality of the proceedings. The motion is legally indistinguishable from the nonappealable determinations of the voluntariness of an extrajudicial statement or the fairness of a pretrial lineup described in *People v. Meyer* [(1986) 183 Cal.App.3d 1150, 1156 [228 Cal.Rptr. 635]]. Further, the motion is identical to the nonappealable determination of a trial court's refusal to disclose the identity of an informant. (*People v. Hobbs* (1994) 7 Cal.4th 948, 956 [30 Cal.Rptr.2d 651, 873 P.2d 1246], citing *People v. Castro* (1974) 42 Cal.App.3d 960, 963 [117 Cal.Rptr. 295] [order denying discovery of the identity of the informant in effort to show informant was the guilty party was not cognizable on appeal because it implicated defendant's guilt].) The common thread in these cases is a challenge to the legality of the evidence gathering process which could then lead to exclusion of evidence that is relevant to the issue of guilt. We conclude[d] the instant motion is not cognizable on appeal." (*Hunter, supra,* 100 Cal.App.4th 37, 42.)

Moreover, in *Hunter*, the discovery motion sought information about a confidential informant so that defendant could challenge a search. This procedural context implicated subdivision (m) of section 1538.5, which provides in relevant part that defendant may obtain review of a search or seizure on appeal ". . . provided that at some stage of the proceedings prior to conviction he or she has moved for the return of property or the suppression of the evidence." Since the defendant in *Hunter* did not move for the return of property or to suppress evidence in the trial court, his contention on appeal was barred by subdivision (m) of section 1538.5. (*Hunter, supra,* 100 Cal.App.4th 37, 41.)

 In this case, defendant's discovery motion did not seek material that could result in the "exclusion of evidence that is relevant to the issue of guilt." (*Hunter, supra,* 100 Cal.App.4th 37, 42.) Rather, the motion sought evidence of a violation of the equal protection clauses of the federal and state Constitutions, which would mandate dismissal *regardless* of defendant's guilt. (*Murgia, supra,* 15 Cal.3d 286, 294; see fn. 4, *ante.*) "[D]iscriminatory prosecution [is] a compelling ground for dismissal of the criminal charge, since the prosecution would not have been pursued except for the discriminatory design of the prosecuting authorities." (*Murgia, supra,* 286, 298, fn. omitted.) In the words of section 1237.5, the motion raised a "constitutional . . . ground[]" upon which to challenge the "legality of the proceedings."

Moreover, because defendant's discovery motion was not aimed at obtaining information to contest the legality of a search or seizure, subdivision (m) of section 1538.5 is not implicated here, as it was in *Hunter*.

We conclude defendant's claim is cognizable notwithstanding his plea of guilty.

## II-IV*

. . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is modified to impose a $50 criminal laboratory analysis fee, plus a $50 state penalty assessment and a $35 county penalty assessment. As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections.

Morrison, J., concurred. Callahan, J., concured in the result.

Appellant's petition for review by the Supreme Court was denied March 19, 2003.

---

*See footnote, *ante*, page 94.